IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-01030-NYW-TPO

AIDA PTSELNIKOV,

Plaintiff,

v.

ARTISAN AND TRUCKERS CASUALTY COMPANY,

Defendant.
_____

**ORDER ON MOTION TO BIFURCATE**
_____

This matter is before the Court on Defendant Artisan and Truckers Casualty Company's ("Defendant") Motion to Bifurcate Pursuant to F.R.C.P. 42(b) and Certificate of Conferral ("Motion to Bifurcate"), [Doc. 29, filed October 28, 2024]. Defendants bring the Motion to Bifurcate pursuant to Fed. R. Civ. P. 42(b) and request that the Court bifurcate this matter into two separate trials: the first addressing whether Plaintiff meets the burden of proving fault, and the second addressing Plaintiff's damages and claims of bad faith, if she succeeds on the issue of fault. [*Id.* at 1]. Plaintiff responded to Defendant's Motion, objecting to bifurcation. [Doc. 34, filed November 18, 2024]. Defendant replied to Plaintiff's response on November 20, 2024. [Doc. 35]. Therefore, the Motion is fully briefed and ripe for review.

Based on the analysis contained herein, the Motion to Bifurcate is respectfully **DENIED**.

1

## BACKGROUND

This case derives from a vehicle collision on November 14, 2021[1] in which Plaintiff Aida Ptselnikov ("Plaintiff" or "Ms. Ptselnikov") sustained injuries and sought uninsured motorist insurance coverage from Defendant. [Doc. 1-1 at ¶ 7; Doc. 29 at 2; Doc. 34 at 1]. Plaintiff originally filed the case in the Colorado District Court of Denver County, bringing three claims: (1) breach of contract; (2) common law bad faith breach of contract; and (3) unreasonable delay and denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116. [Doc. 1-1 at ¶¶ 22–43]. Defendant removed the case to this Court on April 17, 2024 under 28 U.S.C. § 1332. [Doc. 1].

Ms. Ptselnikov was driving in the westbound lane of East Lowry Boulevard at North Yosemite Street in Denver when her vehicle made contact with another vehicle. [Doc. 1-1 at ¶ 7; Doc. 2 at ¶ 7]. Plaintiff alleges that the other vehicle struck her and fled the scene. [Doc. 1-1 at ¶ 7]. Defendant claims that Plaintiff improperly left her lane of travel and initiated contact with another vehicle by traveling into the right-of-way of the other vehicle. [Doc. 2 at ¶ 7]. The unknown driver of the other vehicle did not stop at the scene of the accident. [*Id.*; Doc. 1-1 at ¶ 7]. As a result of the accident, Plaintiff alleges that she suffered injuries to her neck, back, and right knee and had to undergo surgery on her right knee. [Doc. 1-1 at ¶ 10]. She further alleges that her quality of life and

---

[1] Plaintiff's Complaint states that the accident took place on February 25, 2021. [Doc. 1-1 at ¶ 7]. However, Defendant's Answer, [Doc. 2 at ¶ 7], Defendant's Motion to Bifurcate, [Doc. 29 at 2], and Plaintiff's Response to the Motion to Bifurcate, [Doc. 34 at 1], state that the accident occurred on November 14, 2021. Furthermore, the date stamp on the dash camera footage Defendant provided indicates that the date of the incident was November 14, 2021. [Doc. 29-1]. In either case, the date of the accident falls within the period in which Plaintiff was insured, and the Parties do not dispute that Plaintiff had coverage from February 9, 2021 to February 9, 2022. [Doc. 1-1 at ¶ 13; Doc. 2 at ¶ 13].

2

activities have been adversely impacted by the surgery and injuries. [*Id.*]. Plaintiff alleges that she has incurred medical expenses amounting to $241,942.26 and will continue to incur future medical expenses. [*Id.* at ¶ 11]. Defendant alleges that Plaintiff's injuries were pre-existing or "involve symptoms not caused by the accident." [Doc. 29 at 3].

At the time of the accident, Ms. Ptselnikov was insured by Defendant under an automobile insurance policy that contained uninsured motorist ("UM") coverage with a combined single limit of $1,000,000 and was effective from February 9, 2021 to February 9, 2022 (the "Policy"). [Doc. 1-1 at ¶ 13; Doc. 2 at ¶ 13]. The Policy was in effect as of the date of the accident. [Doc. 2 at ¶ 14]. Plaintiff made a claim to Defendant on February 1, 2023 for payment of UM benefits. [Doc. 1-1 at ¶ 16]. Plaintiff alleges that Defendant conducted an unreasonable investigation of Plaintiff's UM claim, made no payments of undisputed medical expenses, and unreasonably delayed and denied payment of her claims. [*Id.* at ¶¶ 18–20]. Defendant makes three arguments: (1) Plaintiff has failed to mitigate her damages and therefore recovery is barred; (2) Defendant acted in good faith with respect to the investigation; and (3) some or all of Plaintiff's claims are barred under the Policy and circumstances of the case. [Doc. 2 at 6–8 ¶¶ 1–12].

## LEGAL STANDARDS

Under Rule 42 of the Federal Rules of Civil Procedure, a court may order separate trials in a case "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have "broad discretion" in deciding whether to bifurcate trials. *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)

(quotation omitted); *Batchelor v. Viking Ins. Co. of Wisconsin*, No. 11-cv-02091-PAB-MJW, 2012 WL 2054807, at *1 (D. Colo. June 7, 2012) (citing *Easton v. City of Boulder, Colo.,* 776 F.2d 1441, 1447 (10th Cir. 1985)).  The Court considers three aspects of a case when analyzing whether bifurcation is appropriate:  (1) whether bifurcation would be in the interest of convenience and judicial economy; (2) whether the issues are separable; and (3) whether bifurcation would be unfair to any party. *Bonham v. GEICO Cas. Co.*, No. 15-cv-02109-MEH, 2016 WL 26513, at *1 (D. Colo. Jan. 4, 2016).  The party moving for bifurcation bears the burden to demonstrate that bifurcation is appropriate. *Anderson v. Am. Nat'l Prop. & Cas. Co.*, No. 17-cv-03016-REB-KMT, 2018 WL 10609649, at *2 (D. Colo. Feb. 9, 2018).  At all times, the Court is guided by the principles of Rule 1, which states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

## ANALYSIS

Defendant argues that bifurcation is warranted because Defendant will likely prevail on the "threshold issue of establishing [Plaintiff's] entitlement to benefits" based on her comparative fault.  [Doc. 29 at 5–6].  Specifically, Defendant asserts that "it is extremely likely" that "Plaintiff will be found to have been at least 50% at fault" based on her own negligence.  [*Id.* at 4].  Therefore, Defendant seeks bifurcation to address the issue of comparative fault in a "two or three day[]" trial with "three or four witnesses and scant discovery."  [*Id.*].  Defendant contends that a trial on Plaintiff's claims of bad faith and unreasonable delay and denial would involve discussion of damages, medical

4

causation, and earning capacity, among other topics, making a trial on those claims more time-consuming and expensive given the records and lengthy testimony it would require. [*Id.* at 2–3].

Plaintiff argues that there is "no justification to warrant bifurcation." [Doc. 34 at 3]. She contends that the evidence in the separate trials would be duplicative, and bifurcation would increase the time, judicial resources, and costs associated with the case. [*Id.*]. Moreover, bifurcation would "adversely impact Plaintiff's ability to present her case" because testimony regarding the collision is intertwined with evidence regarding medical causation, injuries, and Defendant's evaluation of Plaintiff's claims. [*Id.*].

After reviewing the Parties' briefing and the applicable case law, the Court concludes that bifurcation is not appropriate in this case.

### I.  Convenience and Judicial Economy

The Court first considers convenience and judicial economy. *Bonham*, 2016 WL 26513, at *1. Generally, "a single trial generally is more convenient, subject to fewer delays, and is less costly than multiple trials." *Leone v. Owsley*, No. 12-cv-02961-PAB-KMT, 2016 WL 9735826, at *2 (D. Colo. June 23, 2016) (brackets omitted). Defendant suggests that a trial on comparative fault will take "two or three days" and require minimal evidence. [Doc. 29 at 6]. Defendant further contends that a trial on damages and bad faith will "require multiple medical witnesses from multiple disciplines, many pages of medical records, and independent medical examinations." [*Id.* at 3, 6]. Additionally, Defendant states that the Parties will not be able to recover expert costs in a civil action under 28 U.S.C. § 1920 and local rules. [*Id.* at 3]. Contrarily, Plaintiff argues that the evidence in each potential trial will be duplicative because the three claims arise from the

5

same accident, the Parties are the same in each claim, and the evidence will address the same issues.  [Doc. 34 at 5].

Defendant relies on *Giertz v. State Farm Mutual Automobile Insurance Co.*, No. 22-1114, 2023 WL 3728197, at *5–6 (10th Cir. May 26, 2023), for the proposition that bifurcation in this case is warranted.  [Doc. 29 at 2].  In *Giertz*, the District Court concluded, and the United States Court of Appeals for the Tenth Circuit ("the Tenth Circuit") affirmed, that bifurcation was appropriate in case in which the plaintiff/insurance policy holder had no recollection of the accident and that three witnesses testified that the plaintiff was at fault for the accident.  *Id.*; *Giertz v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-01781-DDD-SKC, 2020 WL 13749049, at *1 (D. Colo. Oct. 1, 2020), *aff'd*, No. 22-1114, 2023 WL 3728197 (10th Cir. May 26, 2023).  However, Defendant's reliance on *Giertz* is misplaced because Defendant does not identify any similarly unanimous testimony or evidence in the instant case.  *See generally* [Doc. 29].  Instead, Defendant relies exclusively on Plaintiff's dash camera footage, which Defendant alleges demonstrates that Ms. Ptselnikov improperly left her lane of travel.  [Doc. 2 at ¶ 7]. Plaintiff argues that the angle of the dash camera does not let the "naked eye" determine whether Plaintiff left her lane of travel, Defendant's adjusters have differing views on the video footage, and expert testimony is needed so a jury can determine if Plaintiff left her lane.  [Doc. 34 at 8].  Although Defendant insists that there is a "strong likelihood" of its success on the threshold question of fault based on the dash camera footage and a photograph of the vehicle damage, *see* [Doc. 29-1; Doc. 29-2], the Court declines to weigh evidence—particularly in the context of a Motion to Bifurcate.

Bifurcation may also require the Court to duplicate certain proceedings, requiring

6

the Court to hold two separate pre-trial trial preparation conferences, to allot two separate periods of time on the Court's calendar for trial, and potentially exposing the Court to two separate rounds of pre-trial motions. In addition to the burden on the Court, bifurcation places an additional burden on court staff, who would have to prepare for two trials and call two separate groups of potential jurors, and on two separate groups of jurors themselves who would be giving their time to the separate trials.

Accordingly, the Court is not persuaded that bifurcating the matter would be convenient or in the interest of judicial economy.

## II.   Separate Issues

Second, the Court considers whether the issues are separable. When deciding a motion to bifurcate, the Court considers the "interrelationships of issues and claims." *Baros v. Sentry Ins.,* No. 11-cv-02487-LTB-KLM, 2012 WL 846706, at *1–2 (D. Colo. Mar. 12, 2012) (quoting *Gaede v. Dist. Ct. In & For Eighth Jud. Dist.,* 676 P.2d 1186, 1188 (Colo. 1984) (concluding that claims for unreasonable delay or denial under Colo. Rev. Stat. §§ 10-3-1115 and -1116 and acclaim for breach of contract were "closely related" and thus bifurcation was not justified).

Defendant asserts that Plaintiff's UM claims and bad faith claims are "disparate [in] nature" and involve separate legal, factual, and evidentiary issues. [Doc. 29 at 7–8]. Plaintiff disagrees, arguing that the evidence regarding each claim is "inextricably intertwined" and does not "exist in a vacuum." [Doc. 34 at 6]. The Court is respectfully not persuaded that the issues and claims are as divided as Defendant contends. As the Court has previously stated, claims for bad faith breach of contract do not automatically fail as a matter of law if an underlying breach of contract claim fails. *Pacheco,* 2024 WL

7

1239942, at *3 (citing *Flickinger v. Ninth Dist. Prod. Credit Ass'n of Wichita*, 824 P.2d 19, 24 (Colo. App. 1991)).  A bad faith claim may "exist[] independently from the liability imposed by the insurance contract." *Id.*

As this Court has observed, "[t]he weight of authority in this District favors the denial of bifurcation in standard insurance cases where the contractual and extracontractual issues sufficiently overlap to justify holding a single trial." *Pacheco*, 2024 WL 1239942, at *3 (citing *Bonham*, 2016 WL 26513, at *2).  Therefore, the Court respectfully concludes that the issues are not cleanly separated, and bifurcation is unwarranted on this basis.

**III.     Unfairness**

Finally, the Court considers whether bifurcation would be unfair to any party, *Bonham*, 2016 WL 26513, at *1, or avoid prejudice to any party, Fed. R. Civ. P. 42(b).  Defendant argues it would be prejudiced because combining the claims would "conflate[] evidence" and that presenting evidence of Defendant's settlement evaluation to a jury would be "extremely prejudicial" to Defendant.  [Doc. 29 at 7].  Plaintiff argues that bifurcation "would prejudice Plaintiff's ability to present her case" because many of the same witnesses and evidence will be relevant to all three claims, and requiring Plaintiff to present "disjointed testimony" would cause jurors to perceive such testimony as incredible.  [Doc. 34 at 7].

Courts in this District regularly preside over insurance trials in which contractual and extracontractual claims are heard together.  The Court is respectfully not persuaded by Defendant's contentions that the case presents a "unique liability question."  [Doc 29 at 1].  Any prejudice can be mitigated using jury instructions and counsel's arguments.

8

*See Leone*, 2016 WL 9735826, at *2; *see also Baros,* 2012 WL 846706, at *1 (stating that the defendant insurance company's argument that the outcome of one claim might negate the need to have a trial on a subsequent claim was not persuasive because it could be addressed with jury instructions.). Accordingly, the Court respectfully concludes that bifurcation is not justified by unfairness or prejudice to either Party.

For the reasons stated herein, and in its discretion, the Court does not find that bifurcation is warranted under Rule 42(b).

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Bifurcate Pursuant to F.R.C.P. 42(b) and Certificate of Conferral [Doc. 29] is respectfully **DENIED**.

DATED: July 17, 2025                    BY THE COURT:

                                        _____
                                        Nina Y. Wang
                                        United States District Judge

9